**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4313**

———————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SAMMY DAVIS MIMS,

Defendant – Appellant.

———————————

**No. 10-4383**

———————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FREDDIE LEE CURRY,

Defendant – Appellant.

———————————

Appeals from the United States District Court for the District of South Carolina, at Aiken.   Margaret B. Seymour, District Judge. (1:08-cr-00729-MBS-5; 1:08-cr-00729-MBS-4)

———————————

Submitted:  June 28, 2011        Decided:  July 1, 2011

———————————

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James T. McBratney, III, McBRATNEY LAW FIRM, PA, Florence, South Carolina; Michael W. Chesser, Aiken, South Carolina, for Appellants. William N. Nettles, United States Attorney, J.D. Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sammy Davis Mims and Freddie Lee Curry appeal their convictions following a jury trial. Both Mims and Curry were convicted of conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). Mims was also convicted of being a felon in possession of three firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). Curry was also convicted of possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B), and (b)(1)(C) (West 1999 & Supp. 2010); and possession with intent to distribute a quantity of cocaine base and a quantity of marijuana, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C), and (b)(1)(D). The court sentenced Mims to 240 months' imprisonment and Curry to 360 months' imprisonment. We affirm.

Mims argues that the district court erred in failing to retroactively apply the Fair Sentencing Act of 2010 to Mims' sentence. However, the Act does not apply retroactively. United States v. Bullard, ___ F.3d ___, 2011 WL 1718894, at *11 (4th Cir. May 6, 2011). Because Mims was convicted and sentenced before the effective date of the Fair Sentencing Act, it does not apply to his case.

Curry argues that (1) the district court deprived him of due process by prohibiting defense counsel, during closing

3

argument, from challenging portions of Special Agent Morlan's testimony; (2) the Government improperly vouched for Morlan's credibility; (3) the district court erred in attributing to Curry a four-level leadership sentencing enhancement, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2008), and (4) the district court erred in attributing to Curry a two-level possession of a dangerous weapon sentencing enhancement, pursuant to USSG § 2D1.1(b)(1). We reject each claim.

With respect to Curry's first argument, the district court is afforded broad discretion in controlling closing arguments and is to be reversed only when there is a clear abuse of its discretion. United States v. Baptiste, 596 F.3d 214, 226 (4th Cir. 2010). We find that Curry has failed to show that the district court abused its discretion in limiting Curry's closing arguments to facts supported by the record.

We review Curry's second argument de novo because he raises a question of law. United States v. Collins, 415 F.3d 304, 307 (4th Cir. 2005). We hold that even assuming the Government improperly vouched for the credibility of Special Agent Morlan, any error was harmless in light of the quantity of evidence supporting Curry's conviction.

Finally, we review for clear error Curry's third and fourth arguments, that the court erred in enhancing his sentence pursuant to USSG §§ 3B1.1(a) and 2D1.1(b)(1). See United States

4

v. Slade, 631 F.3d 185, 188 (4th Cir. 2011); United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009). We conclude that the district court did not clearly err because both enhancements are supported by evidence in the record.

We therefore affirm the convictions and sentences of Mims and Curry. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED